IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS S. BURRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:08-cv-330-MEF |
| v. ) | |
| ) | |
| TEACHER'S RETIREMENT ) | |
| SYSTEM OF ALABAMA ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 2, filed July 9, 2008).  Now pending before the Court is *Defendant's Motion to Dismiss* and brief in support (Docs. 4-5, filed August 27, 2008).  For good cause herein shown, it is the recommendation of the Magistrate Judge that the Court GRANT the motion to dismiss.

**I. PARTIES AND NATURE OF THE CASE**

*Pro se* Plaintiff, Thomas Burrell ("Burrell" or "Plaintiff") is a resident of Prichard, Alabama.

Defendant is the Teachers' Retirement System of Alabama (commonly known as "RSA") located in Montgomery, Alabama which is in the Middle District of Alabama.

## II. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 42 U.S.C. § 1983 (Civil Rights Act of 1871, as amended), 29 U.S.C. § 1132 ("ERISA"), and 28 U.S.C. § 1367 (supplemental jurisdiction). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III. NATURE OF THE CASE AND MOTION TO DISMISS

Burrell initiated this action on May 5, 2008. *See* Doc. 1, "Complaint." Burrell alleges that Defendant did not uphold its contractual obligation to pay him 100% of his deceased wife's benefits and instead paid only 50% of her total benefit. *Id*. at § 5. Burrell brings federal due process claims under the Fifth and Fourteenth Amendments of the United States as well as a claim under ERISA. *Id*. at § 4. He also brings Alabama state law claims for interference with contract. *Id*.

Specifically, Burrell states that on March 14, 2007, his wife chose Option 2 on her retirement application which would entitle Burrell to receive a 100% retirement benefit. *Id*. at § 5, ¶ 3. Upon his wife's death, the RSA unilaterally switched to Option 3 which gave Burrell only 50% of the total benefit or a lump sum payment of the contribution plus one year's salary. *Id*. at § 5, ¶ 4. Burrell seeks as relief backpay with interest, costs and equitable relief, and reinstatement of the original selection of 100% benefits. *Id*. at § 6.

On August 27, 2008, RSA filed a motion to dismiss, presumably pursuant to FED. R.

CIV. P. 12(b)(6). Specifically, RSA states it is immune from suit under the Eleventh Amendment of the United States Constitution. On September 22, 2008, Burrell filed his response to the motion to dismiss stating RSA is not immune from suit. The motion was fully submitted on September 25, 2008.

## IV. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d

1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at — , 127 S.Ct. at 1966. Further, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974. It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id*. at 1968 (internal quotation and alteration omitted). Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## V.  DISCUSSION AND ANALYSIS

### A.    Federal Claims

It is well-established that the Eleventh Amendment protects "not only actions in which a State is actually named as the defendant, but also in certain actions against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 903, 137 L.Ed.2d 55 (1997).  By Alabama statute, RSA is defined as an "instrumentalit[y] of the state funded by the state" such that it, its officers, and its employees "shall be immune from suit to the same extent as the state, its agencies, officers, and employees." Ala. Code § 36-27-2(b).  As such, RSA is a state instrumentality, *Ala. State Fed. of Teachers v. James*, 656 F.2d 193, 195 n. 8 (5th Cir. 1981), and therefore immune from suit in federal court without its consent. *Kubek v. Teachers' Retirement System of Ala.*, 2008 WL 696870, *2 (M.D. Ala. 2008) (unpublished decision) (citing *James*).

Burrell also asserts the RSA is not immune because he seeks injunctive relief. The Eleventh Amendment bars suits seeking retrospective or compensatory relief, but does not generally prohibit suits from seeking only prospective injunctive or declaratory relief. *Summit Medical Assocs. P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (citing doctrine asserted

in *Ex parte Young* 209 U.S. 123, 28 S.Ct 441, 52 L.Ed. 714 (1908)). However, if the prospective relief sought is the functional equivalent of money damages, i.e., "it is measured in terms of a monetary loss resulting from a past breach of a legal duty," then *Ex parte Young* does not apply." *Summit*, 180 F.3d at 1337 (quoting *Edelman v. Jordan*, 415 U.S. 651, 669, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). Additionally, the *Ex parte Young* doctrine has other limitations. First, it only applies to "ongoing and continuous violations of federal law" and second, it does not apply where the equitable relief sought "implicates special sovereignty interests." *Id*. (citations omitted). In the case at hand, Burrell seeks to have a declaratory judgment or injunctive relief granted reinstating the benefits of his wife's retirement benefits. This would be the functional equivalent of money damages and addresses past conduct, not ongoing violations of federal law. RSA does not consent to suit in this federal court, hence the Eleventh Amendment immunity remains and requires dismissal of the claims.

**B.     State law claims**

In view of this Court's determination that the federal claims presented in Burrell's complaint should be dismissed, the court concludes that his supplemental state law claims are also warrant dismissal. 28 U.S.C. § 1367(c)(3); *see McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1227 (11th Cir. 2002) (the court may decline to exercise jurisdiction over state-law claims where the court has dismissed all the federal claims over which it has original jurisdiction); *see also Urbanique Production v. City of Montgomery*, 428 F. Supp.2d 1193, 1225 (M.D. Ala. 2006) (declining supplemental jurisdiction after disposition of federal constitutional claims, denying summary judgment on state law claims as moot, and dismissing

state law claims). Therefore, the state law claims are due dismissal without prejudice.

## VI. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that

(1) The *Motion to Dismiss* (Doc. 4) be **GRANTED**.

(2) Plaintiff's federal claims against the Teachers' Retirement System of Alabama be **DISMISSED with prejudice**.

(3) Plaintiff's supplemental state law claims be **DISMISSED without prejudice**

**IT IS FURTHER ORDERED** that the parties file any objections to the this Recommendation on or before **December 5, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 20th day of November, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE